UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:13-00044 |
| v. | ) Judge Trauger |
| | ) |
| BRANDON FRADY | ) |

PLEA AGREEMENT

The United States of America, through David Rivera, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Van S. Vincent, and defendant, Brandon Frady, through defendant's counsel, Caryll Alpert, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges in This Case

1. Defendant acknowledges that he has been charged in the indictment in this case with engaging in conduct with intent to convey false and misleading information under circumstances which indicated that use of a weapon of mass destruction would occur against the person or property within the United States (Counts One, Four, Six, Seven, and Nine) in violation of Title 18, United States Code Section 1038(a)(1) and with sending through the United States mail written threats to injure the person of another (Counts Two, Three, Five, Eight and Ten) in violation of Title 18 U.S.C. Section 876(c).

2. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the indictment, charging the defendant with sending through the United States mail written threats to injure the person of another and charging and with engaging in conduct with intent to convey false and misleading information under circumstances which indicated that use of a weapon of mass destruction would occur against the person or property within the United States.

## Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties:

A. Counts One, Four, Six, Seven, and Nine charge violations of Title 18, United States Code Section 1038(a)(1) which provides for a penalty of not more than five years imprisonment (1038(a)(1)(A)) and a $250,000 fine. Pursuant to 18 U.S.C. 3559(a)(4) a violation of this statute is a Class D felony. Pursuant to 18 U.S.C. 3583(b)(2) a period of not more than 3 years of supervised release may be imposed for a violation of this statute.

B. Counts Two, Three, Five, Eight and Ten charge violations of Title 18 U.S.C. Section 876(c) which provides for a penalty as to each count of not more than five years imprisonment and or a $250,000 fine. Pursuant to 18 U.S.C. 3559(a)(3) a violation of this statute is a Class D felony. Pursuant to 18 U.S.C. 3583(b)(2) a period of not more than 3 years of supervised release may be imposed for a violation of this statute.

2

Defendant further understands that the Court may order restitution to the victims of the offense in an amount determined by the Court.

### Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 13 CR 00044.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

    **a.** If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

    **b.** If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

3

    **c.**    If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

    **d.**    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    **e.**    At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

**7.**    Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

Factual Basis

**8.**    Defendant will plead guilty because he is in fact guilty of charges contained in One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

4

With respect to Counts One and Two of the indictment the following statement of facts apply:

On September 11, 2012, defendant BRANDEN FRADY, also known as "Brendon," was a prisoner in the custody of the State of Tennessee at the Riverbend Maximum Security Institute ("Riverbend"). Riverbend was located at 7475 Cockrill Bend Boulevard in Nashville, Tennessee. BRANDON FRADY had an inmate identification number of 460049.

On September 11, 2012, the District Attorney General for the 20th Judicial District of Tennessee maintained an office at Washington Square, 222 2nd Avenue North in Nashville, Tennessee. Numerous Assistant District Attorneys General also worked at that location.

Letter One

On September 11, 2012, an Assistant District Attorney General for the 20th Judicial District of Tennessee received an envelope, delivered via the U.S. Postal Service, addressed to her office at Washington Square that contained a letter also addressed to her. The envelope was postmarked September 10, 2012, and the letter was dated August 9, 2012. The return address listed "Branden Frady 460049" at "R.M.S.I." "7475 Cockrill Bend Blvd" in "Nashville, TN" as the sender. The letter was folded within the envelope and contained a white powder substance. The letter itself consisted of a written communication that stated, inter alia, "you got to die," "here is some Anthrax," and "I will kill you" and "I will fu\*\*ing kill you bitch" and "die you fu\*\*ing no good bitch" among other references to her death. The letter listed the name of the sender as "Branden Frady #460049." The letter stated that the white powdery substance was anthrax.

5

As a result of the receipt of the letter the District Attorney's office was evacuated, closed, and decontamination procedures were instituted. This letter resulted in a substantial disruption of public, governmental and business functions and services as work at the District Attorney's office ceased.

As to Count Three of the Indictment the following facts apply:

On September 11, 2012, the U.S. Postal Service delivered an envelope addressed to the "Governor Office" at the "State Capital" in "Nashville, TN" that contained a letter also addressed to the "Governor." This letter was received by staff of Governor Haslam. The return address listed "Branden Frady 460049" at "R.M.S.I." "7475 Cockrill Bend Blvd" in "Nashville, TN" as the sender.

The letter itself was dated September 7, 2012, and consisted of a written communication that stated, inter alia, "you will die," "just watch your back," and "die bitch."

This letter listed the name of the sender as "Branden Frady #460049". At the time the defendant sent this letter the defendant was incarcerated by the State of Tennessee at the Riverbend Maximum Security Institute ("Riverbend"). Riverbend was located at 7475 Cockrill Bend Boulevard in Nashville, Tennessee.

6

As to Counts Four and Five of the Indictment the following facts apply:

On September 12, 2012, officials at Riverbend intercepted an envelope, intended to be delivered via the U.S. Postal Service, addressed to "Governor Bill Haslam" at the "State Capital" that contained a letter also addressed to him.

The return address listed "Branden Frady 460049" at "R.M.S.I." "7475 Cockrill Bend Blvd" in "Nashville, TN" as the sender.

The letter itself was dated September 9, 2012. It was folded within the envelope and contained a white powder substance. The letter itself consisted of a written communication that stated, inter alia, "This time I am sending you some Anthrax," "you will die," and "here is some Anthrax."

The letter listed the name of the sender as "Branden Frady #460049."

As to Counts Six of the Indictment the following facts apply:

In a letter sent from Riverbend to the U.S. Post Office dated August 9, 2012, Brandon Frady threatened to kill the undefined recipient: "I will kill you f***ing ass[holes]." Enclosed in the envelope was white powder and Brandon Frady claimed it was anthrax in the letter: the letter stated "Here is some anthrax[,] die." He ended the letter with: "you will die bitch."

As to Counts Seven and Eight of the Indictment the following facts apply:

On or about September 17, 2012 a letter sent by Brandon Frady was postmarked in the United States mail. This letter contained a white powder which was represented to be anthrax. This letter was addressed to the Secretary of State of Tennessee. The letter

7

stated that the Secretary would die and that there was anthrax enclosed in the envelope "so you will die bitch / here is some anthrax bitch". The letter also mentioned that a bomb was being placed by the Secretary's Office, the District Attorney's Office, a U.S. Post Office in Nashville, TN, and the Governor of Tennessee's Office. The letter also had a note to establish that the other inmate named in the return address did not know that Brandon Frady was using his name to send the letters.

As to Counts Nine and Ten the following facts apply:

On September 17, 2012 Brandon Frady sent an envelope via United States Mail that did not contain any white powder. This letter was sent to RS, and Assistant District Attorney General for the 20th Judicial District of Tennessee. The letter nonetheless claimed that anthrax was included ("here is some anthrax") and another death threat, in which Brandon Frady claimed he would kill RS, stating "I will f***ing kill you bitch". The letter further stated "I'm back" and "I don't give a f*** about the FBI." The letter also stated that there would be a bomb placed at the District Attorney's Office, the Governor of Tennessee's Office, and the U.S. Post Office in Nashville, T, address not specified. The letter was dated September 16, 2012 and even though the return address on the envelope was not Brandon Frady, Frady signed the letter and his address was denoted in the letter itself.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not

contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2013.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), to the following:

    a. Offense Level Calculations.

        i. The base offense level for each count of conviction is 12, pursuant to U.S.S.G. § 2A6.1(a)(1).

        ii. Pursuant to 2A6.1 (b)(2) 2 levels are added as more than two threats were made;

        iii. Pursuant to 2A6.1(b)(4) 4 levels are added as the offense resulted in a substantial disruption of public, governmental or business functions or services.

        iv. Pursuant to 3A1.2(b) 6 levels are added as there was an official victim and the applicable Chpater Two guideline is from Chapter Two, Part A (Offenses against the person).

9

    **v.**  Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

  **b.**  Criminal History Category. The parties have no agreement as to criminal history:

  **c.**  Offense Level: The parties agree pursuant to 11(c)(1)(C), assuming the defendant accepts responsibility, that the offense level is 21. There is no agreement as to defendant's criminal history category.

  **d.**  Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the agreed upon Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Agreed Offense Level.

<u>Agreements Relating to Sentencing</u>

**11.**  Each party is free to recommend whatever sentence it deems appropriate. Provided the defendant accepts responsibility for his actions, should defendant be a criminal history category

10

VI (Six) the United States will not seek a sentence greater than Seventy-Seven (77) months imprisonment.

12. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the applicable offense level, with acceptance of responsibility, is an offense level of 21 and that the United States will not seek a sentence greater than Seventy-Seven (77) months imprisonment. Other than the agreed offense level and that the United States will not seek a sentence higher than Seventy-Seven (77) months, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed offense level set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed offense level, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

13. Defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

14. Defendant agrees to pay the special assessment of $1,000 at or before the time of sentencing if financially able with a check or money order payable to the Clerk of the U.S. District Court.

<u>Presentence Investigation Report/Post-Sentence Supervision</u>

15. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's

11

conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Entry of Guilty Plea

18. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while

reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

**19.** Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence at or below 77 months imprisonment. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence: (i) within or above the agreed upon offense level when combined with defendant's criminal history category as determined by the Court.

## Other Terms

**20.** Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

21. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

Conclusion

22. Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

23. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

24. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

25. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

26. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 5/27/14

Brandon Frady
Defendant

27. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment [*information*]. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 5/27/14

Caryll Alpert
Attorney for Defendant

Respectfully submitted,

DAVID RIVERA
United States Attorney

By: _____
Van S. Vincent
Assistant U.S. Attorney

_____
Harold McDonough
Deputy Chief

15